Gregory S. Walston, State Bar No. 196776
Orestes Alexander Cross, State Bar No. 250471
WALSTON CROSS
222 Columbus Avenue, Suite 420
San Francisco, California 94133
Telephone: (415) 956-9200
Facsimile: (415) 956-9205
Email: gwalston@walstonlaw.com

ATTORNEYS FOR PLAINTIFF
MARKHAM ROBINSON

FILED

08 AUG 13 PM 2: 33

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKHAM ROBINSON,<br><br>Plaintiff<br><br>v.<br><br>SECRETARY OF STATE DEBRA BOWEN, et al.<br><br>Defendants. | Case No. 08-CV-3836 JL<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>L-R 6-3 |

## INTRODUCTION

This is an action by an electoral college member and the chairman-elect of the American Independent Party, challenging Senator John McCain's eligibility to run for, and serve as, President of the United States. Specifically, this action points out that Senator McCain is ineligible to run for, and serve as, President of the United States under Article II's "natural born" citizen requirement because McCain was born in Panama. *Accord,* Gabriel J. Chin, *Why Senator John McCain Cannot Be President: Eleven Months and a Hundred Yards Short of Citizenship*, Arizona Legal Studied Discussion Paper No. 08-14 (attached to plaintiff's motion for a preliminary injunction as Exhibit A.)

As set forth in plaintiff's motion for a preliminary injunction, this issue is properly resolved forthwith in order to avoid the chaos of resolving them after the election, and afford the non-prevailing party meaningful appellate options with regard to this compelling issue.

Significantly, this issue is a pure question of law that can be resolved without discovery, and defendants have already briefed it in conjunction with a case that presented the same issue. *See, Hollander v. McCain*, 2008 DNH 129; 2008 U.S. Dist. LEXIS 56729 (D. N.H. 2008).[1] It is now August 12, 2008. The general election occurs on November 4, 2008. Plaintiff respectfully urges the Court to shorten time on this motion so that it is heard on September 3, 2008.

## ARGUMENT

### I.

### THE COURT SHOULD SHORTEN TIME.

The Court has authority to shorten time for good cause under Local Rule 6-3, the Court's inherent power to control its calendar, and the power to control time to hear motions under Fed. R. Civ. P. 6(d).

Good cause exists to shorten time on plaintiff's motion for a preliminary injunction. There are already less than three months remaining until the general election. Every day that passes makes judicial resolution of the issue of Senator McCain's candidacy more difficult. At the outset, if Senator McCain wins the presidency, resolving the issue of his eligibility *after* the election will simply inflict havoc on our system of democratic government: will McCain's running mate assume the presidency or the candidate with the second-most electoral votes? It is simply irresponsible to put off resolution of these issues until after the election.

Further, the longer resolution of this issue is delayed, the more cumbersome it will be. If these issues are resolved shortly before the election, the state will have to reprint ballots, the Republicans will have to nominate a new candidate, and public attitudes towards the legal and political processes will be strained. In short, there is simply no sense delaying this action beyond the very minimal amount of time necessary for it to be briefed by the parties and addressed by the Court.

---

[1] In Hollander, a "taxpayer" plaintiff was dismissed for lack of standing. Nonetheless the substantive issues were briefed by defendants. Further, unlike Hollander, plaintiff in this case has standing. As both an elector and chairperson-elect of a rival Party on the same ballot, plaintiff has "a personal stake in the outcome of the election" sufficient to establish his standing to challenge the election. *Miyazawa v. City of Cincinnati*, 45 F.3d 126, 128 (6th Cir. 1995); *see also, Erum v. Cayetano*, 881 F.2d 689, 691 (9th Cir. 1989).

Significantly, it is worth noting that the Republicans have already briefed this issue in *Hollander v. McCain*, 2008 DNH 129; 2008 U.S. Dist. LEXIS 56729 (D. N.H. 2008). They have obtained a joint opinion by Lawrence Tribe and Theodore Olson defending McCain's qualifications, which has been discussed by New York Times articles. *See, e.g.*, Adam Liptak, *A Hint of New Life to the McCain Birth Issue*, N.Y. Times, July 11, 2008 (online at http://www.nytimes.com/2008/07/11/us/politics/11mccain.html). Shortening time on this matter will therefore not prejudice defendants.

Plaintiff therefore respectfully requests an order shortening time.

## CONCLUSION

Because there is good cause to shorten time on this matter and because it will not prejudice defendants, plaintiff asks the Court to shorten time on plaintiff's motion for a preliminary injunction. Plaintiff proposes the following schedule:

Defendants' Opposition due August 26, 2008;

Plaintiff's Reply due August 29, 2008

Motion argued September 3, 2008

Dated: August 12, 2008

WALSTON CROSS

By Gregory S. Walston

ATTORNEYS FOR PLAINTIFF

- 3 -

*Robinson v. Secretary of State, et al.*

## DECLARATION OF COUNSEL UNDER L-R 6-3

Gregory S. Walston, declare as follows:

1. I am an attorney licensed to practice before all California state courts, the United States District Courts for the Northern and Eastern Districts of California, the United States Court of Appeals for the Ninth Circuit, and the Supreme Court of the United States. I am presently employed as a partner in the Law Firm of Walston Cross, and, in that capacity, I represent the plaintiff in this action.

2. Plaintiff seeks an order shortening time to brief and hear his motion for a preliminary injunction for the reasons set forth in the above argument. Plaintiff's motion for a preliminary injunction asks the Court for the following preliminary injunctions:

   a. For a preliminary injunction prohibiting Secretary Bowen from placing Senator McCain's name on the California ballot as a candidate for president;

   b. For a preliminary injunction prohibiting the RNC and the CRP from representing Senator McCain as a qualified candidate for President of the United States to the California voters;

   c. For a preliminary injunction prohibiting Senator McCain from representing himself as a qualified candidate for President of the United States to the California voters;

   d. For a preliminary injunction prohibiting the RNC, CRP and Senator McCain from attempting to place Senator McCain's name on the California ballot for the upcoming 2008 presidential election;

   e. For a preliminary injunction prohibiting the California Republican Presidential electors from casting their electoral votes for Senator McCain.

3. Plaintiff has been unable to obtain a stipulation from opposing counsel as he is in the process of serving defendants. Plaintiff anticipates that service will be complete no later than tomorrow, August 13, 2008. Plaintiff will serve defendants a copy of his motion for a preliminary injunction and supporting documents with the summons and complaint.

- 4 -

*Robinson v. Secretary of State, et al.*

4. Plaintiff respectfully submits that allowing this matter a full briefing schedule will be prejudicial for the reasons set forth in the above argument.

5. There have been no previous time modifications in this action, nor will this proposed modification affect the scheduling order.

6. L-R 37-1 is inapplicable because this matter does not involve a discovery dispute.

I declare under penalty of perjury that the foregoing is true and correct and based on my personal knowledge. Executed August 12, 2008 in San Francisco, California.

Gregory S. Walston

*Robinson v. Secretary of State, et al.*