JOSHUA D. HESS, SBN 244115
Jhess@gibsondunn.com
One Montgomery Street
Suite 3100
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

Attorney for Defendants
SENATOR JOHN McCAIN and
THE REPUBLICAN NATIONAL COMMITTEE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARKHAM ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE DEBRA BOWEN, THE REPUBLICAN NATIONAL COMMITTEE, THE REPUBLICAN PARTY OF CALIFORNIA, SENATOR JOHN S. McCAIN, III, et al.<br><br>Defendants. | CASE NO. C 3-08-cv-03836 WHA<br><br>**SUBMISSION OF DEFENDANTS REPUBLICAN NATIONAL COMMITTEE AND SENATOR JOHN McCAIN REGARDING SCHEDULING**<br><br>[Honorable William H. Alsup] |

In anticipation of the scheduling hearing to be held on August 21, 2008, defendants the Republican National Committee ("RNC") and Senator John McCain respectfully file this pre-hearing submission to apprise the Court of several considerations that may be relevant to the briefing and hearing schedule in this case.

*First*, it appears doubtful that plaintiff's complaint alleges facts sufficient to establish his standing to pursue his claims for relief. Plaintiff's complaint alleges that he is suing in his capacity as a hypothetical "Presidential Elector" of the American Independent Party (AIP)—a position plaintiff can attain only if the AIP's candidate for President, Alan Keyes, wins California's general election— and as "Chairperson-*Elect*" of that party. Compl. ¶ 1 (emphasis added). Plaintiff's complaint does *not* allege that he is suing on behalf of the AIP or its candidate for President. Indeed, it does not

1

allege that plaintiff is authorized to act on behalf of the AIP; plaintiff asserts only that he is the party's *future* chairperson. If he is not suing on behalf of his party, plaintiff's standing would appear to be predicated solely on his status as a voter. At least one court, however, has already determined that such allegations are insufficient to confer standing on a plaintiff seeking to challenge a candidate's eligibility for the Presidency. *See Hollander v. McCain*, No. 08-99, _ F. Supp. 2d _, 2008 WL 2853250 (D.N.H. July 24, 2008). It is axiomatic that this Court must assure itself of its jurisdiction before it can address the merits of plaintiff's claims for relief, *see Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998)—a limitation of the Article III judicial power that applies with particular force when a litigant asks a court, as plaintiff does here, to opine on novel questions of constitutional law. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring). This suggests that defendants should be permitted to move to dismiss plaintiff's complaint before proceeding to brief the merits of the constitutional question presented by plaintiff's motions.

*Second*, though plaintiff's *ex parte* application suggests that this Court must resolve the merits of his constitutional claim before county election officials begin printing the ballots for the general election, *see* D.E. 6, at 2; *see also* Cal. Elec. Code § 8148 (requiring the Secretary of State to notify county election officials of the names of each party's nominees 68 days before the general election, here August 28, 2008); *id.* § 7310(a)(2) (extending Republican Party's deadline to 61 days before the general election, September 4), in fact, there is no such emergency. The law is clear that Senator McCain will be entitled to have his name appear on the State's general election ballot notwithstanding any dispute as to his eligibility to hold the office of President.

As plaintiff acknowledges (Compl. ¶ 21), California law absolutely requires the Secretary of State to place the name of each party's nominee for President—whoever that person may be—on the general election ballot. *See* Cal. Elec. Code § 6901 ("The Secretary of State shall cause the names of the candidates for President and Vice President of the several political parties to be placed upon the ballot for the ensuing general election"). Thus, plaintiff possibly could strip Senator McCain's name from the State's general election ballot only if he first could persuade this Court to enjoin the Republican Party from nominating Senator McCain as its candidate for President at its soon-

2

forthcoming national convention. But the relief plaintiff requests—a judicial decree instructing a political party as to the identity of its standard-bearer in the general election—is simply unimaginable in our political system. The Supreme Court has repeatedly held that the First Amendment prohibits the government from intruding so deeply into the expressive activities of political parties—even when the candidate is asserted to be "ineligible for office" or "unwilling to serve." *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 359 (1997); *see also Cal. Democratic Party v. Jones*, 530 U.S. 567, 575 (2000) ("our cases vigorously affirm the special place the First Amendment reserves for, and the special protection it accords, the process by which a political party selects a standard bearer who best represents the party's ideologies and preferences") (internal quotation marks omitted).

Thus, even if plaintiff's assertion that Senator McCain is ineligible to hold the Office of President were correct—and it most certainly is not—the Court still could not, consistent with the First Amendment, enjoin the Republican Party from nominating the candidate of its choice. Against that backdrop, there is no need to decide plaintiff's motion for a preliminary injunction before the State's counties begin printing the general election ballots. Once he is designated as the Republican Party's candidate for President, Senator McCain is entitled, under California law, to have his name appear on the State's general election ballot and the Secretary of State has no discretion to withhold it.

*Third*, as the Court observed in its order setting the upcoming scheduling conference, whatever exigency exists is entirely of plaintiff's own making. The circumstances of Senator McCain's birth have been widely known at least since his campaign for President in 2000. Senator McCain became the presumptive nominee of the Republican Party no later than March 4, 2008. If plaintiff has a good reason for waiting until two weeks before the Republican National Convention before asking this Court to enjoin that meeting's central purpose, he has yet to disclose it.

While Senator McCain and the RNC do not object to according this case some manner of expedited treatment, in view of the considerations outlined above, Senator McCain and the RNC respectfully submit that there is no need for this Court to resolve the merits of plaintiff's voluminous and multiplying motions on the breakneck schedule plaintiff demands. In view of the Article III questions apparent on the face of plaintiff's complaint, Senator McCain and the RNC respectfully

submit that it would be appropriate for the Court to resolve any questions surrounding the justiciability of plaintiff's allegations before compelling the defendants to respond to the merits of plaintiff's motion for a preliminary injunction and motion for summary judgment. Accordingly, Senator McCain and the RNC respectfully request the opportunity to file, on whatever timetable the Court deems appropriate, a motion to dismiss plaintiff's complaint, and further request that this Court resolve that motion before compelling the defendants to respond to plaintiff's pending motions.

DATED: August 20, 2008

Respectfully submitted,

By: _____/s/_____
Joshua D. Hess

Matthew D. McGill
(pro hac vice admission pending)
1050 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 887-3680

*Attorneys for Defendants*
*Senator John McCain and the*
*Republican National Committee*

JOSHUA D. HESS, SBN 244115
JHess@gibsondunn.com
One Montgomery Street
Suite 3100
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

Attorneys for Defendants
SENATOR JOHN S. McCAIN, III and
THE REPUBLICAN NATIONAL COMMITTEE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARKHAM ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SECRETARY OF STATE DEBRA BOWEN, THE REPUBLICAN NATIONAL COMMITTEE, THE REPUBLICAN PARTY OF CALIFORNIA, SENATOR JOHN S. McCAIN, III, et al.<br><br>　　　　　Defendants. | CASE NO. C 3:08-cv-03836 WHA<br><br>**CERTIFICATE OF SERVICE ON SUBMISSION OF DEFENDANTS REGARDING SCHEDULING**<br><br>[Honorable William H. Alsup] |

I, Diana Reger, declare as follows:

I am employed in the office of a member of the bar of this Court, at whose direction this service is made; I am over the age of eighteen years and am not a party to this action; my business address is One Montgomery Street, 31st Floor, San Francisco, California 94104, in said County and State. On August 20, 2008, I served the within:

**SUBMISSION OF DEFENDANTS REPUBLICAN NATIONAL COMMITTEE AND SENATOR JOHN McCAIN REGARDING SCHEDULING**

As indicated below:

☑　　**BY USDC LIVE SYSTEM-DOCUMENT FILING SYSTEM**: On all interested parties registered for efiling.

1

CERTIFICATE OF SERVICE　　　　　　　　　　　　　　　　　　　　　　　　　Case No. C 08-cv-03836 WHA

| | | |
|---|---|---|
| 1 | ☐ | **BY PERSONAL SERVICE**: I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date. |
| 2 | | |
| 3 | ☐ | **BY OVERNIGHT SERVICE**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for delivery by overnight service. Pursuant to that practice, envelopes placed for collection at designated locations during designated hours are delivered to an overnight service carrier with a fully completed airbill, under which all delivery charges are paid by Gibson, Dunn & Crutcher, that same day in the ordinary course of business. |
| 7 | ☐ | **BY ELECTRONIC MAIL**: On the above-mentioned date, I served a full and complete copy of the above-referenced document[s] by electronic mail to the person[s] at the address[es] indicated |
| 8 | ☑ | **BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |

The following parties were additionally served by mail, as previously indicated:

Gregory S. Walston, Esq.
Orestes Alexander Cross, Esq.
WALSTON CROSS
222 Columbus Avenue, Suite 420
San Francisco, CA 94133

| | |
|---|---|
| CALIFORNIA SECRETARY OF STATE<br>Debra Bowen<br>1500 11th Street<br>Sacramento, CA 95814 | Nathan Barankin<br>Deputy Attorney General<br>California Department of Justice<br>1300 I Street, Suite 11000<br>Sacramento, CA 95814 |
| THE REPUBLICAN PARTY OF<br>CALIFORNIA<br>1201 K Street, #740<br>Sacramento, CA 95814 | Charles H. Bell, Esq.<br>Bell, McAndrews & Hiltachk, LLP<br>455 Capitol Mall, Suite 801<br>Sacramento, CA 95814 |

I certify under penalty of perjury that the foregoing is true and correct, and that this Declaration of Service was executed by me on August 20, 2008, at San Francisco, California.

By: /s/Diana Reger
Diana Reger

100503363_1.DOC