Gregory S. Walston, State Bar No. 196776
Orestes Alexander Cross, State Bar No. 250471
WALSTON CROSS
222 Columbus Avenue, Suite 420
San Francisco, California 94133
Telephone: (415) 956-9200
Facsimile: (415) 956-9205
Email: gwalston@walstonlaw.com

ATTORNEYS FOR PLAINTIFF
MARKHAM ROBINSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARKHAM ROBINSON,

               Plaintiff

    v.

SECRETARY OF STATE DEBRA
BOWEN, et al.

           Defendants.

Case No. 08-CV-3836 WHA

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' BRIEF RE
SCHEDULING**

      Defendants Republican National Committee (Republicans) and Senator John McCain have

filed a scheduling brief asking the Court to delay resolution of plaintiff's pending motions. While

they insist they are not attempting to delay this matter, the Republicans ask the Court to allow

them to file and argue motions to dismiss this matter *before* considering plaintiff's motions for a

preliminary injunction and summary judgment. This request is based on three grounds, none of

which have merit.

      First, the Republicans assert that there is no exigency because plaintiff lacks standing.

Specifically, the Republicans point out that as a member of the American Independent Party's

Electoral College, plaintiff will only become an operative elector if his party defeats John McCain

and the Republicans. Since John McCain will almost certainly defeat the American Independent

Party, according to the Republicans, plaintiff is only a "hypothetical elector" who lacks standing.

WALSTON CROSS, ATTORNEYS
222 Columbus Avenue, Suite 420
San Francisco, California 94123
Telephone: (415) 956-9200
Facsimile: (415) 956-9205

This position actually shows why plaintiff *does* have standing. A plaintiff has standing to challenge an election when he or she has a personal stake in the outcome of the election. *Bullock v. Carter*, 405 U.S. 134, 31 L. Ed. 2d 92, 92 S. Ct. 849 (1972); *Erum v. Cayetano*, 881 F.2d 689 (9th Cir. 1989); *Imperial v. Castruita*, 418 F. Supp. 2d 1174, 1178 (C.D. Cal. 2006); *Miyazawa v. City of Cincinnati*, 45 F.3d 126, 128 (6th Cir. 1995). Here, plaintiff is a presidential elector designated by the American Independent Party, which will be on the same ballot as Senator McCain. Yet, as the Republicans put it, plaintiff faces a likelihood that he will lose his electoral vote to John McCain because the Republicans will probably beat the American Independent Party. If McCain's candidacy is illegal, plaintiff's loss of his electoral vote to an illegal candidate is tangible harm for purposes of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff's status as a member of the American Independent Party's Electoral College confers a "personal stake in the outcome of the election" for purposes of establishing standing.

Next, the Republicans assert that there is no exigency because, under the First Amendment, the Court cannot grant the relief plaintiff asserts in any event. Specifically, the Republicans argue that "the relief plaintiff requests – a judicial decree instructing a political party as to the identity of its standard-bearer in the general election – is simply unimaginable in our political system." (Defs. Brief at 3:1-3.)

The Republicans would be correct if this were what plaintiff was asking for. But it is not. Plaintiff alleges that Senator McCain is ineligible to run for, and serve as, President of the United States. Accordingly, plaintiff asks the Court to enjoin McCain's name from appearing on the ballot or, at a minimum, issue a declaratory judgment that McCain is ineligible. There is certainly no authority that the Republicans have a First Amendment right to nominate a constitutionally ineligible Presidential candidate. Even if there were such a right, the Court could still issue a declaratory judgment, which would simply give the Republicans advance notice of their candidate's ineligibility, but would leave them free to do whatever they want.

Finally, the Republicans assert that any exigency is plaintiff's fault because he did not file this action sooner. This is not a fair criticism. Based on the undersigned's understanding, the American Independent Party did not designate Plaintiff a member of its electoral college until last

WALSTON CROSS, ATTORNEYS
222 Columbus Avenue, Suite 420
San Francisco, California 94123
Telephone: (415) 956-9200
Facsimile: (415) 956-9205

*Robinson v. Secretary of State, et al.*

month, and could have done so as late as October.  Further, as the Republicans vigorously point out, mere voter/taxpayers do not have standing to challenge the legality of presidential candidacies.  (Defs. Brief at 2:2-13.)  As noted above, the only parties who do have such standing are those "with a personal stake in the outcome of the election."  In the context of presidential elections, there are three groups of parties with standing – presidential candidates, vice-presidential candidates, and Electoral College members.  The identities of each of these parties are not even known until shortly before the election, thus leaving expedited litigation as the only means of challenging a presidential election issue.  The fact that plaintiff only gained standing fairly recently is not surprising and certainly not his fault

The Republican's brief does illustrate one point relevant to scheduling: the Republicans already have a profound understanding of these issues, they are well represented, and they are prepared to argue these points on the merits.  And while plaintiff understands that he may not obtain a preliminary injunction *or* summary judgment if the Court finds he lacks standing or his theories are otherwise flawed, it would be unconscionable for this Court to delay resolution of these issues until *after* the election and only then find merit in this action.  The Republican's arguments concerning standing and the First Amendment can be raised in opposition to plaintiff's motions, and given the time constraints, they should be.  And if the Republicans wish to file a 12(b)(6) motion on these grounds, plaintiff will not oppose expedited consideration of that motion.

In short, all parties are clearly prepared to present their positions to this Court and there are compelling time constraints that are no fault of plaintiff's.  There is good cause to expedite these proceedings.

Dated: August 17, 2008            WALSTON CROSS

By: Gregory S. Walston

ATTORNEYS FOR PLAINTIFF

WALSTON CROSS, Attorneys
222 Columbus Avenue, Suite 420
San Francisco, California 94123
Telephone: (415) 956-9200
Facsimile: (415) 956-9205

- 3 -

*Robinson v. Secretary of State, et al.*