1   JOSHUA D. HESS, SBN 244115
    JHess@gibsondunn.com
2   One Montgomery Street
    Suite 3100
3   San Francisco, California 94104
    Telephone: (415) 393-8200
4   Facsimile: (415) 986-5309

5   [additional counsel listed on signature page]

6   Attorney for Defendants
    SENATOR JOHN MCCAIN and THE
7   REPUBLICAN NATIONAL COMMITTEE

8                   UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12   MARKHAM ROBINSON,                    CASE NO. C 08-03836 WHA

13              Plaintiff,               **MOTION TO DISMISS OF DEFENDANTS
                                         SENATOR JOHN MCCAIN, THE
14        v.                             REPUBLICAN NATIONAL COMMITTEE,
                                         AND THE CALIFORNIA REPUBLICAN
15   SECRETARY OF STATE DEBRA BOWEN,     PARTY**
     THE REPUBLICAN NATIONAL
16   COMMITTEE, THE REPUBLICAN PARTY     Judge:        Hon. William H. Alsup
     OF CALIFORNIA, SENATOR JOHN         Hearing Date: September 11, 2008
17   MCCAIN,                             Time:         7:30 a.m.
                                         Courtroom:    9
18              Defendants.

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2
**Page**

3    INTRODUCTION ......................................................................................................... 1

4    ARGUMENT ............................................................................................................... 2

5    I.    Plaintiff's Claims Should Be Dismissed Because They Fail To
         Articulate A Justiciable Case Or Controversy. ............................................... 2
6
7          A.    Plaintiff's Complaint Fails To Establish His Article III Standing
               To Challenge Senator McCain's Eligibility To Hold The Office
8               Of President. ...................................................................................... 2

9          B.    Plaintiff's Claims Present A Nonjusticiable Political Question. ............... 6

10   II.   Plaintiff's Complaint Should Be Dismissed Because It Fails To State A
         Claim For Which Relief Can Be Granted. ........................................................ 8

11         A.    Plaintiff's Claims For Injunctive Relief Against Secretary Of
               State Bowen Are Barred By Article II.  (First Cause of Action) ..................... 9
12
13               1.    Federal Courts Lack The Authority To Enjoin State
                     Officials From Enforcing Valid State Laws. ............................ 10

14               2.    The Secretary's Obligation To Place Senator McCain
                     On The General Election Ballot Is Lawful And Inherent
15                    In The California Legislature's Plenary Authority Under
                     Article II To Choose The Method Of Selecting
16                    California's Presidential Electors. ............................................ 11

17         B.    Plaintiff's Claims For Injunctive Relief Against Senator
               McCain Are Barred By The First Amendment.  (Second Cause
18             of Action) ......................................................................................... 13

19         C.    Plaintiff's Claims Against The California Republican Party's
               Presidential Electors Are Barred By The Twelfth Amendment.
20             (Fourth Cause of Action) .................................................................. 14

21   CONCLUSION ............................................................................................................ 15
22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937) ..................................................... 15

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) ........................................ 5

*Baker v. Carr*, 369 U.S. 186 (1962) .................................................................................. 6

*Bush v. Gore*, 531 U.S. 98 (2000) .................................................................................... 11

*Davies v. Grossmont Union High School Dist.*, 930 F.2d 1390 (9th Cir. 1991) ........... 13, 14

*Erum v. Cayetano*, 881 F.2d 689 (9th Cir. 1989) ............................................................ 5

*Ex Parte Levitt*, 302 U.S. 633 (1937) ............................................................................. 3

*Ex parte Young*, 209 U.S. 123 (1908) ........................................................................ 10, 11

*Hollander v. McCain*, No. 08-99, _ F. Supp. 2d _ (D.N.H. July 24, 2008) ..................... 5

*King v. Bowen*, No. 34-2008-80000016 (Cal. Super. Ct. 2008) ....................................... 3

*Koohi v. United States*, 976 F.2d 1328 (9th Cir. 1992) .................................................... 6

*Lance v. Coffman*, 127 S. Ct. 1194 (2007) ...................................................................... 5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ............................................... 2, 3, 4, 5

*Mancuso v. Taft*, 476 F.2d 187 (1st Cir. 1973) ............................................................... 13

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803) ....................................................... 6

*McPherson v. Blacker*, 146 U.S. 1 (1892) .................................................................. 11, 12

*MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007) ........................................... 15

*Mitchum v. Foster*, 407 U.S. 225 (1972) ......................................................................... 10

*Morrison v. Olson*, 487 U.S. 654 (1988) ......................................................................... 8

*O'Brien v. Brown*, 409 U.S. 1 (1972) .............................................................................. 10

*Sbarboro v. Jordan*, 164 Cal. 51, 127 P. 170 (1912) .................................................. 10, 12

*Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208 (1974) .................... 3

*Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646 (9th Cir. 2002) .............................. 6

*Smelt v. County of Orange*, 447 F.3d 673 (9th Cir. 2006) ...................................................... 2

*Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc.*,
    655 F.2d 938 (9th Cir. 1981) ..................................................................................... 15

*Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997) ........................................ 13

*United States v. Munoz-Flores*, 495 U.S. 385 (1990) ................................................. 6, 7, 8

*Warth v. Seldin*, 422 U.S. 490 (1975) ............................................................................... 4

*Washington v. Finlay*, 664 F.2d 913 (4th Cir. 1981) ...................................................... 13

*Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952) ......................................... 8

**Constitutional Provisions**

U.S. Const. amend. XII ...................................................................................................... 7

U.S. Const. amend. XX, § 3 .............................................................................................. 7

U.S. Const., art. II, § 1, cl. 2 ............................................................................................ 7

**State Statutes**

Cal. Elec. Code § 6901 ..................................................................................................... 12

Cal. Elec. Code § 7100 ..................................................................................................... 12

Cal. Elec. Code § 7300 ................................................................................................ 11, 12

Cal. Elec. Code § 7578 ..................................................................................................... 12

Cal. Elec. Code § 7843 ..................................................................................................... 12

Cal. Elec. Code § 13105 ..................................................................................................... 3

**Other Authorities**

Federalist No. 68 (C. Rossiter ed.)................................................................................... 14

H. R. 10(j)(12)...................................................................................................................... 8

S. Res. 511, 110th Cong. (2008) ...................................................................................... 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Senator John McCain, the Republican National Committee ("RNC"), and the California Republican Party ("CRP") (collectively, "defendants") will and hereby do move this Court for an Order dismissing the plaintiff's Complaint for Declaratory and Injunctive Relief ("complaint") in the above-entitled action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to allege a case or controversy justiciable under Article III of the U.S. Constitution and failure to state a claim on which relief may be granted.

This motion shall be heard on September 11, 2008, at 7:30 a.m., or as soon thereafter as the matter may be called, in the courtroom of the Honorable William H. Alsup, United States District Judge, United States District Court, 450 Golden Gate Avenue, San Francisco, California 94102.

This motion is based upon this Notice of Motion; the accompanying Memorandum of Points and Authorities; the complete files in these actions; argument of counsel; and such other and further matters as this Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

On the eve of the Republican National Convention, plaintiff brought the instant complaint alleging that Senator John McCain is not a "natural born Citizen" within the meaning of the United States Constitution and is therefore ineligible for the Presidency because he was born on a U.S. military base in the Panama Canal Zone to U.S. citizen parents, including one who was serving his country on active duty with the United States Navy. In addition to a declaratory judgment that Senator McCain is ineligible to hold the Office of President, plaintiff seeks injunctive relief prohibiting: (1) Secretary of State Bowen from placing Senator McCain's name on the State's general election ballot; (2) Senator McCain from running for President; and (3) California's as-yet unnamed Republican presidential electors from casting their ballots for Senator McCain in the Electoral

College, in the event that Senator McCain wins California's general election for President. Plaintiff

contends that Article II of the Constitution entitles him to the relief that he seeks.[1]

Plaintiff's complaint suffers from two fatal jurisdictional flaws: Plaintiff lacks standing to

raise his claims for relief, and his complaint demands resolution of a nonjusticiable political question.

But even if plaintiff could satisfy the justiciability requirements of Article III, dismissal of his

complaint still would be required because the injunctive relief plaintiff seeks is barred variously by

Article II of the U.S. Constitution, the First Amendment, and the Twelfth Amendment, and because,

in the absence of a valid claim for injunctive relief, plaintiff would lack standing to pursue

declaratory relief against the defendants. For those reasons and those set forth below, plaintiff's

complaint should be dismissed in its entirety under Rules 12(b)(1) and 12(b)(6).

## ARGUMENT

### I.    Plaintiff's Claims Should Be Dismissed Because They Fail To Articulate A Justiciable Case Or Controversy.

#### A.    Plaintiff's Complaint Fails To Establish His Article III Standing To Challenge Senator McCain's Eligibility To Hold The Office Of President.

To invoke this Court's jurisdiction, a plaintiff must establish his Article III standing to bring

his claims for relief. To do so, at the "irreducible constitutional minimum," a plaintiff must allege

(1) an "injury in fact"—"an invasion of a legally protected interest" that is both "concrete and

particularized" and "actual or imminent, not conjectural or hypothetical"—(2) that is "fairly traceable

to the challenged action of the defendant" and (3) is likely to "be redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and alterations

omitted); *see also Smelt v. County of Orange*, 447 F.3d 673, 682 (9th Cir. 2006). The plaintiff "bears

the burden of establishing these elements" of standing. *Lujan*, 504 U.S. at 561. Plaintiff's complaint

fails at least the first and third of these requirements.

---

[1]    By stipulation dated and filed August 25, 2008, plaintiff withdrew his claim for injunctive relief prohibiting the RNC and CRP from naming Senator McCain as the Republican Party's nominee for President, and also withdrew in their entirety his third and fifth causes of action, based on Section 17200 of the California Business and Professions Code.

DEFENDANTS JOHN McCAIN, REPUBLICAN NATIONAL COMMITTEE, AND CALIFORNIA REPUBLICAN PARTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    1. Apparently recognizing that a generally available grievance that an individual is

2    constitutionally ineligible to hold a federal office does not give rise to an Article III injury in fact, *see*

3    *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 221 (1974); *Ex parte Levitt*, 302

4    U.S. 633, 634 (1937) (per curiam), plaintiff is at pains to demonstrate that he has a "personal stake in

5    the outcome" of the State's general election that transcends the interest in constitutional government

6    shared by every voter and every citizen.   *Cf. Lujan*, 504 U.S. at 573–74 ("a generally available

7    grievance about government . . . seeking relief that no more directly and tangibly benefits [the

8    plaintiff] than it does the public at large . . . does not state an Article III case or controversy").

9    Plaintiff asserts that he has been designated by the American Independent Party ("AIP") as one of its

10   55 presidential electors who will join the Electoral College if (and *only* if) the American Independent

11   Party's nominee for President wins the State's general election.   Plaintiff complains that Senator

12   McCain's candidacy for President injures him by compelling him "to compete against—and

13   potentially be defeated by—an illegal and illegitimate campaign." Compl. ¶¶ 23, 31, 39, 46, 56.  But

14   plaintiff does not purport to bring this lawsuit on behalf of either his political party or its alleged

15   candidate for President, Ambassador Alan Keyes, and plaintiff's alleged injury to *his own* electoral

16   prospects does not state a constitutional injury in fact.

17   But even assuming that plaintiff is and will remain a validly selected presidential elector of

18   the AIP, *but see King v. Bowen*, No. 34-2008-80000016, Pet. for Writ of Mandate, at 3 (Cal. Super.

19   Ct. Aug. 4, 2008) (claiming that plaintiff is not a valid AIP elector and that his AIP faction has

20   "attempt[ed] to hijack" the party), plaintiff's only allegation of injury—that he is unlawfully "being

21   forced to compete against . . . an illegal and illegitimate campaign" (Compl. ¶ 23)—is insufficient as

22   a matter of law.   The State's general election ballot does not set forth the names of each ballot-

23   qualified party's 55 designated presidential electors.   *See* Cal. Elec. Code § 13105 (specifying form

24   of State's general election ballot).   As the plaintiff himself acknowledges, the State's general election

25   ballot lists only the "nominated candidate" of each ballot-qualified party and that candidate's party

26   affiliation.  Compl. ¶ 10(b).  But plaintiff is not a candidate for President, and he does not claim to

27   have authority, either as a member of the party or as its Chairman-elect, to act on behalf of the AIP.

28   Thus, whatever plaintiff's allegations, it is absolutely clear, as a matter of California law, that

3

plaintiff and Senator McCain will *not* be "competing on the same ballot." *Id.* ¶ 23. And Article III does not permit him to assert competitive injuries suffered by third parties not before the Court such as the AIP and its alleged candidate, Ambassador Keyes. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").[2]

    2. Plaintiff lacks standing for the additional reason that his complaint fails to establish that it is "likely"—not merely "speculative"—that the relief he seeks would redress his alleged competitive injury. *See Lujan*, 504 U.S. at 561. Put simply, stripping Senator McCain's name from the State's general election ballot will not appreciably enhance the probability that Ambassador Keyes and the AIP will prevail in the State's general election and thus will not make it any more likely that plaintiff will attain a seat in the Electoral College, and plaintiffs complaint nowhere alleges otherwise. If this Court were to grant the plaintiff all the relief he requests, and if that relief were not reversed on appeal, presumably the Republican Party would nominate another candidate to be their standard-bearer in the general election. This would leave Ambassador Keyes and the AIP in *exactly* the same competitive position they held before this lawsuit was filed—facing competition from candidates of both the Republican and Democratic parties, along with several other ballot-qualified candidates. Indeed, even if the Republican Party were not permitted to replace Senator McCain as its standard-bearer in the State's general election, and even if the Court did as plaintiff requests and declared every ballot cast for Senator McCain "ineffective" (Compl. ¶ 60), for plaintiff to attain a seat in the Electoral College, Ambassador Keyes still would have to defeat Senator Obama in the State's general

---

[2]   Faithful adherence to the general rule against third-party standing is particularly appropriate here because *plaintiff himself* has publicly stated that Ambassador Keyes does *not* support plaintiff's contention that Senator McCain is ineligible to hold the Office of President. *See* http://www.marylandindependentparty.org/archive/Maryland_Independent_Party-conf_call-20080813.mp3 (audio recording of AIP conference call in which plaintiff repeatedly acknowledges that Ambassador Keyes does not support his lawsuit). According to the plaintiff, Ambassador Keyes believes that any citizen of the United States born through natural procreative means (but not one born by caesarean section) is a "natural-born citizen" eligible to hold the Office of President. *Id.* Neither plaintiff's complaint nor any subsequent pleading suggests any reason why he, as a hypothetical presidential elector of the AIP, should be permitted to press an allegation of competitive injury that has been disavowed even by the candidate plaintiff has pledged to elect.

4

1   election.  And if their 2004 Senate race in Illinois is any guide—then-State Representative Obama

2   defeated Ambassador Keyes in that general election by a margin of 43 percent of votes cast, 70

3   percent to 27 percent—the probability of that occurring seems, at best, speculative.  Plaintiff's

4   alleged competitive injury—an inability to attain a seat in the Electoral College—thus is not likely to

5   be redressed by the relief plaintiff seeks.  He is no more likely to attain a seat in the Electoral College

6   than if the lawsuit had never been filed.  That is fatal to his claim of standing.

7        Plaintiff doubtless will resist this conclusion by asserting that his competitive injury arises not

8   from his candidate's inability to defeat Senator McCain in a general election but rather from being

9   compelled to compete against an allegedly "illegal and illegitimate campaign."  Compl. ¶ 23.  The

10  relief he requests, plaintiff might argue, can redress *that* injury by excising the allegedly unlawful

11  candidate; even if plaintiff's party and its candidate do not prevail, the *competition* will have been

12  purified.  But if plaintiff's lawsuit seeks only to safeguard a fair and constitutional general election

13  process without regard to the outcome produced by that process, then plaintiff cannot have a

14  "personal stake in the *outcome* of the election."  *See*, *e.g.*, Pl. Opp'n to Defs. Br. re Scheduling, D.E.

15  20 at 2 (emphasis added) (citing *Erum v. Cayetano*, 881 F.2d 689 (9th Cir. 1989)).  And absent a

16  personal stake in its *outcome*, his interest in a constitutional general election *process*—essentially,

17  "[a]n interest . . . in the proper application of the Constitution and laws," *Arizonans for Official*

18  *English v. Arizona*, 520 U.S. 43, 64 (1997)—is indistinguishable from that held by every other voter

19  in the State.  That is a paradigmatic "undifferentiated, generalized grievance," insufficient to generate

20  an Article III case or controversy.  *Lance v. Coffman*, 127 S. Ct. 1194, 1198 (2007) (per curiam); *see*

21  *also Hollander v. McCain*, No. 08-99, _ F. Supp. 2d _, 2008 WL 2853250 (D.N.H. July 24, 2008).  It

22  differs from *Schlesinger* and *Ex Parte Levitt* only in that it is brought before the assertedly ineligible

23  person has taken office rather than after.

24        3. Turning specifically to plaintiff's Fourth Claim for Relief against the 55 John Doe

25  Republican presidential electors, plaintiff lacks standing for the independent reason that his alleged

26  competitive injury—a diminished probability of attaining a seat in the Electoral College—is not

27  "fairly traceable to" those defendants' allegedly unlawful conduct, to wit, casting their Electoral

28  College ballots for Senator McCain.  *Lujan*, 504 U.S. at 560 (internal quotation marks and alteration

5

1   omitted).  Plaintiff's allegation that the John Doe Republican electors, by casting their Electoral

2   College ballots for Senator McCain, will diminish plaintiff's chance of attaining a seat in the

3   Electoral College (*see* Compl. ¶¶ 41–47) is utterly nonsensical.  The Republican electors will cast

4   their ballots in the Electoral College, if at all, only *after* the State's general election—*i.e.*, after

5   plaintiff's alleged competitive injury is complete.  For this reason, it is also clear that plaintiff's

6   requested injunctive relief against the John Doe electors cannot possibly redress his alleged

7   competitive injury; it will do nothing to change the outcome of the State's already-completed general

8   election.  Indeed, plaintiff's own complaint acknowledges that his alleged injury cannot "be remedied

9   after the November general election in any manner."  Compl. ¶ 46.[3]

10         **B.**    **Plaintiff's Claims Present A Nonjusticiable Political Question.**

11         Even if plaintiff could find a way to manufacture standing, any complaint challenging Senator

12   McCain's eligibility to hold the Office of President would raise difficult issues under the political

13   question doctrine and, at least at this juncture, may well be nonjusticiable on that ground.

14         The political question doctrine is "essentially a function of the separation of powers."  *Baker*

15   *v. Carr*, 369 U.S. 186, 217 (1962).  It serves to "restrain the Judiciary from inappropriate interference

16   in the business of the other branches of Government" (*United States v. Munoz-Flores*, 495 U.S. 385,

17   394 (1990)) by prohibiting the courts from deciding issues that properly rest within the province of

18   the political branches.  *See Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 170 (1803).  Moreover, suits

19   asking for injunctive relief "are far more likely to implicate political questions" than suits for

20   damages "because the framing of injunctive relief may require the courts to engage in the type of

21   operational decision-making beyond their competence and constitutionally committed to other

22   branches."  *Koohi v. United States*, 976 F.2d 1328, 1332 (9th Cir. 1992).

23

24

25      [3]   If plaintiff's lack of standing were not enough, Plaintiff's claim against the John Doe

26        Republican electors must be dismissed as nonjusticiable for the additional reason that it is
contingent on Senator McCain's prevailing in the State's general election and thus remains, at

27        this point and until Senator McCain does prevail in the State's general election, an abstract
dispute unripe for judicial resolution.  *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646,

28        662 (9th Cir. 2002).

DEFENDANTS JOHN McCAIN, REPUBLICAN NATIONAL COMMITTEE, AND CALIFORNIA REPUBLICAN
PARTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   The Constitution provides that issues relating to a candidate's eligibility for the Office of

2   President rest, in the first instance, with the voters and with the Electoral College, the constitutionally

3   created body responsible for selecting the President of the United States.  *See* U.S. Const., art. II, § 1,

4   cl. 2 ("Each State shall appoint, in such Manner as the Legislature thereof may direct," electors for

5   the President and Vice President); *id.* amend. XXIII, § 1.  The Constitution's commitment to the

6   Electoral College of the responsibility to select the President subsumes the authority to decide

7   whether a presidential candidate is qualified for office because the examination of a candidate's

8   qualifications is an integral component of the electors' decision-making process.  If a court were to sit

9   in judgment of a candidate's qualifications *before* the Nation has voted, and *before* the Electoral

10  College has cast its votes, such a judgment could "inappropriate[ly] interfer[e]" with the Electoral

11  College's constitutional authority to elect the President and to evaluate the qualifications of the

12  candidates seeking that office.  *Munoz-Flores*, 495 U.S. at 394.

13      The Constitution also provides that, after the Electoral College has voted, further review of a

14  presidential candidate's eligibility for office, to the extent such review is required, rests with

15  Congress.[4]  Where no candidate receives a majority of the electoral votes, the Constitution commits

16  to the House of Representatives the authority to select the President and, in so doing, to evaluate the

17  candidates' qualifications.  *See* U.S. Const. amend. XII.  Similarly, the Twentieth Amendment

18  explicitly grants Congress the responsibility for selecting a President when a candidate elected by the

19  Electoral College does not satisfy the Constitution's eligibility requirements.  *See id.* amend. XX, § 3

20  ("the Congress may by law provide for the case wherein neither a President elect nor a Vice President

21  elect shall have qualified, declaring who shall then act as President, or the manner in which one who

22  is to act shall be selected, and such person shall act accordingly until a President or Vice President

23  shall have qualified").  Both the House and Senate have standing committees with jurisdiction to

24

25      [4]  Congress has already taken steps to express its view that Senator McCain is eligible for the
26          Presidency.  Senator Claire McCaskill, together with Senators Hillary Clinton and Barack
            Obama, introduced a resolution recognizing that Senator McCain is a "natural born Citizen"
27          because he was born to U.S. citizen parents serving their country on a U.S. military base.
            S. Res. 511, 110th Cong. (2008).  The Senate unanimously adopted that resolution on April
28          30, 2008.

7

1    decide questions relating to presidential elections.  *See* S. R. 25.1.n(1)(5) & (9) (the Senate

2    Committee on Rules and Administration has jurisdiction over "proposed legislation, messages,

3    petitions, memorials, and other matters relating to . . . Federal elections generally, including the

4    election of the President, Vice President, and Members of the Congress," as well as "Presidential

5    succession"); *see also* H.R. 10(j)(12).

6        The Constitution thus provides that, in the first instance, the selection of the President—and

7    the evaluation of a candidate's qualifications—should be made by politically accountable bodies

8    without judicial participation.  If a court were to pass upon the eligibility of a candidate to hold the

9    Office of President before the Electoral College and Congress have acted, it may involve itself in

10   political matters for which it is institutionally ill-suited and interfere with the constitutional authority

11   of the Electoral College and Congress to evaluate the qualifications of presidential candidates.  The

12   political question doctrine suggests that courts should not preempt the judgments of those

13   governmental bodies that the Constitution designates as the forums for determining a presidential

14   candidate's eligibility to hold office.  To permit them to do so could greatly aggrandize the power of

15   the judicial branch and thereby seriously disrupt the Framers' carefully calibrated separation of

16   powers—"the absolutely central guarantee of a just Government."  *Munoz-Flores*, 495 U.S. at 394

17   (quoting *Morrison v. Olson*, 487 U.S. 654, 697 (1988) (Scalia, J., dissenting)); *see also Youngstown*

18   *Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 635 (1952) (Jackson, J., concurring) ("the Constitution

19   diffuses power the better to secure liberty").  Indeed, one can scarcely imagine a greater

20   aggrandizement of the Judiciary's authority, and a greater intrusion upon the business of the

21   coordinate branches of government, than for the Judiciary to unnecessarily arrogate to itself control

22   over who is eligible to serve in those coordinate branches.

23   **II.    Plaintiff's Complaint Should Be Dismissed Because It Fails To State A Claim For Which**

24   **Relief Can Be Granted.**

25       Even assuming that plaintiff had standing and could surmount the numerous justiciability

26   challenges to his Complaint, his causes of action for injunctive relief should also be dismissed

27   pursuant to Rule 12(b)(6) because they do not state a cognizable claim for relief as a matter of law.

28   Plaintiff here seeks the following relief:  (1) to enjoin the Secretary of State from placing Senator

8

DEFENDANTS JOHN McCAIN, REPUBLICAN NATIONAL COMMITTEE, AND CALIFORNIA REPUBLICAN
PARTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  McCain's name on California's general election ballot pursuant to valid California law (Compl.

2  ¶ 24); (2) to enjoin Senator McCain from "running" for the office of President of the United States

3  (*id.* ¶ 32); and (3) to enjoin the California Republican presidential electors from casting their ballots

4  for Senator McCain, should they become members of the Electoral College (*id.* ¶ 47).    The

5  Constitution bars each of these claims for relief.

6    *First*, this Court is without power to enjoin the Secretary from performing her duties pursuant

7  to a lawful statute that was enacted pursuant to the state legislature's plenary authority under Article

8  II to choose the manner of appointing California's presidential electors.  Absent an allegation that the

9  relevant California election law is itself unconstitutional or contrary to federal law, the State is

10  permitted to select presidential electors in any manner it chooses.  Because there is no such

11  allegation, there is no legal basis to interfere with the process enacted by the State pursuant to its

12  exclusive constitutional authority.

13    *Second*, enjoining Senator McCain from "running" for the office of President of the United

14  States would be an impermissible—and unprecedented—violation of his core First Amendment

15  rights.  Citizens in a democratic society have a fundamental right to seek elective office.

16    *Third*, enjoining the California Republican presidential electors from casting their ballots for

17  President for Senator McCain would also be an impermissible—and unprecedented—violation of

18  their First Amendment rights, as well as an inappropriate interference in the duties of the Electoral

19  College to elect the President, which are exclusively committed to them under Article II and the

20  Twelfth Amendment.

21    **A.    Plaintiff's Claims For Injunctive Relief Against Secretary Of State Bowen Are**
22    **Barred By Article II.  (First Cause of Action)**

23    Plaintiff asks this Court to enjoin the Secretary from complying with the state law governing

24  the selection of California's presidential electors, which he does not contend is itself unconstitutional

25  or contrary to federal law.  This claim fails because the Constitution grants state legislatures plenary

26  authority to devise the method in which their respective States select presidential electors and, absent

27  any allegation of invalidity, federal courts are without authority to enjoin state officials from

28  enforcing those state laws.

9

1      **1.**      **Federal Courts Lack The Authority To Enjoin State Officials From**

2      **Enforcing Valid State Laws.**

3      Plaintiff asks this Court for the extraordinary relief of enjoining the Secretary from engaging

4      in an admittedly *lawful*—and compulsory—duty. Federal courts are guided by the principle that

5      they should only restrain or prohibit actions that violate the law. *See Ex parte Young*, 209 U.S. 123,

6      166-67 (1908). "[N]o injunction ought to be granted unless it is a case reasonably free from

7      doubt . . . . [S]uch rule is, and will be, followed by all of the judges of the Federal courts." *Id.*

8      Indeed, "even the possibility of unconstitutionality of a statute on its face does not itself justify an

9      injunction against good-faith attempts to enforce it." *Mitchum v. Foster*, 407 U.S. 225, 230 (1972)

10     (internal quotation marks and citations omitted). Consequently, federal courts cannot enjoin a state

11     official from executing her obligations under state law that do not contravene the Constitution or a

12     federal statute. *Ex parte Young*, 209 U.S. at 150; *Sbarboro v. Jordan*, 164 Cal. 51, 54, 127 P. 170,

13     171 (1912) (refusing writ of mandate requiring Secretary of State to place name of purported

14     Republican electors on ballot when Republican Party, pursuant to state law, provided its candidates

15     and there was no defect in the law). This is particularly true when a fundamental political right is at

16     issue. *Cf. O'Brien v. Brown*, 409 U.S. 1, 4 (1972) (holding that there was no precedent for a federal

17     court "to interject itself into the deliberative processes" of a political party's internal nominating

18     process).

19     Here, plaintiff seeks to enjoin the Secretary of State from placing Senator McCain's name on

20     the California general election ballot as the Republican candidate for President, as required under

21     Cal. Elec. Code. § 6901.[5] Notably, plaintiff's complaint is devoid of any allegation that this

22     provision—or any other provision of the California Election Code—is unconstitutional or in

23     violation of federal law. Further, he has also not alleged that the Secretary intends to act in a manner

24

25        [5]  Cal. Elec. Code § 6901 provides: "Whenever a political party, in accordance with Section

26     7100, 7300, 7578, or 7843, submits to the Secretary of State its certified list of nominees for electors of President and Vice President of the United States, the Secretary of State shall

27     notify each candidate for elector of his or her nomination by the party. The Secretary of State shall cause the names of the candidates for President and Vice President of the several

28     political parties to be placed upon the ballot for the ensuing general election."

DEFENDANTS JOHN McCAIN, REPUBLICAN NATIONAL COMMITTEE, AND CALIFORNIA REPUBLICAN
PARTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    contrary to that law. Indeed, plaintiff alleges correctly that "Secretary Bowen is required by State

2    law to place Senator McCain on the ballot as a presidential candidate." Compl. ¶ 21. Instead,

3    plaintiff claims that the Secretary's fulfillment of her duties under admittedly valid state law will

4    cause plaintiff injury because he will have to compete against other electors duly selected pursuant

5    to California law (*see* Cal. Elec. Code § 7300) who will, if elected, purportedly vote for Senator

6    McCain. Under long-standing precedent, this Court does not have the authority to issue injunctive

7    relief in such instances, *Ex parte Young*, 209 U.S. at 166-67, especially where, as here, the conduct

8    sought to be enjoined is indisputably legal.

9

10              **2.      The Secretary's Obligation To Place Senator McCain On The General
                          Election Ballot Is Lawful And Inherent In The California Legislature's
11                        Plenary Authority Under Article II To Choose The Method Of Selecting
                          California's Presidential Electors.**

12           It is uncontested and undeniable that the state law that requires the Secretary to place Senator

13    McCain's name on California's general election ballot is valid. It is also beyond dispute that the State

14    possesses plenary authority to determine the means of appointing its representatives to the Electoral

15    College under the Constitution. Article II states in relevant part:

16              Each State shall appoint, *in such Manner as the Legislature thereof may direct*, a
                Number of Electors, equal to the whole Number of Senators and Representatives to
17              which the State may be entitled in the Congress: but no Senator or Representative, or
                Person holding an Office of Trust or Profit under the United States, shall be appointed
18              an Elector.

19    U.S. Const. art. II, § 1, cl. 2 (emphasis added). The Supreme Court has repeatedly interpreted this

20    language to "convey[] the broadest power of determination" and to "leave[] it to the legislature

21    *exclusively* to define the method" of appointment of presidential electors. *McPherson v. Blacker*,

22    146 U.S. 1, 27 (1892) (emphasis added); *see also Bush v. Gore*, 531 U.S. 98, 112-13 (2000)

23    (Rehnquist, C.J., concurring).

24           The method selected by the state legislatures for appointing their presidential electors is,

25    except in very limited circumstances not at issue here, insulated from interference or alteration. As

26    the Court in *McPherson* held, "the power and jurisdiction of the state is *exclusive*, with the exception

27    of the provisions as to the number of electors and the ineligibility of certain persons, so framed that

28

DEFENDANTS JOHN McCAIN, REPUBLICAN NATIONAL COMMITTEE, AND CALIFORNIA REPUBLICAN
PARTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   *congressional and federal influence might be excluded*."   146 U.S. at 35 (emphases added).

2   Consequently, the States are empowered by the Constitution to devise any means they wish to

3   choose their presidential electors.   During the debates at the Constitutional Convention, "[n]o

4   question was raised as to the power of the state to appoint [presidential electors] *in any mode its*

5   *legislature saw fit to adopt*, and none that a single method, applicable without exception, must be

6   pursued in the absence of an amendment to the constitution." *Id.* at 29 (emphasis added; citations

7   omitted).

8            Here, the state legislature has committed to the various political parties the authority to select

9   their respective slate of presidential electors and nominees for President and Vice President of the

10  United States.  *See* Cal. Elec. Code §§ 7100 (Democratic Party), 7300 (Republican Party), 7578

11  (American Independent Party), 7843 (Peace and Freedom Party).  It cannot be argued—and, indeed,

12  is not alleged—that the legislature's decision to permit political parties to select their respective

13  presidential electors and candidates for President is unconstitutional.  *See McPherson*, 146 U.S. at

14  25, 30-32 (confirming States' plenary authority to select electors and noting the numerous divergent

15  methods employed); *see also Sbarboro*, 164 Cal. at 54 (holding that California state law permitting

16  political parties to nominate candidates for presidential electors was constitutional).  After the parties

17  have selected their respective presidential electors, the Secretary's sole duties are to receive the lists

18  of those electors, notify the electors of their nomination, and "cause the names of the candidates for

19  President and Vice President of the several political parties to be placed upon the ballot for the

20  ensuing general election."  Cal. Elec. Code § 6901.  No provision of California law requires—or

21  permits—the Secretary to question the qualifications of the political parties' respective candidates

22  for President or refuse to place them on the ballot.  Consequently, an injunction prohibiting the

23  Secretary from fulfilling her duties under California law would be an impermissible intrusion on the

24  state legislature's plenary constitutional authority to select presidential electors.  *See McPherson*,

25  146 U.S. at 13.

26

27

28

12

1

2

**B.    Plaintiff's Claims For Injunctive Relief Against Senator McCain Are Barred By The First Amendment.  (Second Cause of Action)**

3

Turning next to plaintiff's request to "enjoin Senator McCain from running for President of

4

the United States" (Compl. ¶ 32), that claim must also be dismissed because it is categorically barred

5

by the First Amendment.  Political candidates have "a constitutional right to run for office."  *Davies*

6

*v. Grossmont Union High School Dist.*, 930 F.2d 1390, 1394 (9th Cir. 1991).  This is true even if a

7

candidate is asserted to be ineligible to hold the office he seeks:  The Supreme Court has confirmed

8

that the First Amendment guarantees to a political party the right to select as its standard-bearer in

9

the general election whomever the party and its members determine will best advance its

10

associational interests, *even a* candidate that is "ineligible for office" or "unwilling to serve."

11

*Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 359 (1997).  That right would be hollow

12

indeed if the government could independently enjoin such persons from running for office, and,

13

unsurprisingly, the First Amendment prohibits the government from doing any such thing.

14

As the First Circuit has explained, a candidate's "right to run for public office touches on two

15

fundamental freedoms:  freedom of individual expression and freedom of association."  *Mancuso v.*

16

*Taft*, 476 F.2d 187, 195 (1st Cir. 1973) (cited with approval in *Davies*, 930 F.2d 1397); *see also*

17

*Washington v. Finlay*, 664 F.2d 913, 927-28 (4th Cir. 1981) (noting the First Amendment's

18

"protection of the freedom of association and of the rights to run for office, have one's name on the

19

ballot, and present one's views to the electorate").  As to the former, "the individual's expressive

20

activity has two dimensions:  besides urging that his views be the views of the elected public official,

21

he is also attempting to become a spokesman for a political party whose substantive program extends

22

beyond the particular office in question."  *Mancuso*, 476 F.2d at 195-96.  As to the latter, a

23

candidate's right to run for office implicates expressive association because "at some juncture his

24

supporters and fellow party members may decide that he is the ideal person to carry the group's

25

standard into the electoral fray."  *Id.* at 196.  Plaintiff's suit therefore challenges both Senator

26

McCain's right to speak on behalf of the Republican Party's platform and his right to represent his

27

party as a whole before the electorate.  Plaintiff's requested remedy—a court order prohibiting

28

Senator McCain from continuing his candidacy for President—would profoundly intrude upon the

13

1    First Amendment rights of Senator McCain and, for that reason, cannot be granted. *See Davies*, 930

2    F.2d at 1398 (invalidating restriction of candidate's right to run or serve in elected position).

3    **C.    Plaintiff's Claims Against The California Republican Party's Presidential**
         **Electors Are Barred By The Twelfth Amendment. (Fourth Cause of Action)**

4

5    Finally, plaintiff's demand that California's Republican presidential electors be enjoined

6    from acting within the scope of their duties and authority under state laws enacted pursuant to

7    Article II and casting their ballots for Senator McCain in the Electoral College (in the event that

8    Senator McCain wins the State's general election) is foreclosed by the Twelfth Amendment. The

9    language of that amendment demonstrates that it was the intention of the Framers of the Constitution

10   that electors, and not a court, are the ones who should decide how to perform an elector's duty to

11   elect the President and Vice President, stating, in relevant part that, the "Electors shall meet in their

12   respective states and vote by ballot for President and Vice-President." U.S. Const. amend. XII. The

13   Constitution thus vests the authority to vote for President and Vice President solely in the electors

14   appointed by the various States, not in federal courts or any other state or federal body. That

15   presidential electors, selected under laws enacted pursuant to Article II, were the ones entrusted by

16   the Constitution with the decision-making power for President and Vice President is confirmed by

17   the Framers themselves. For example, writing in *Federalist*, No. 68, Alexander Hamilton observed

18   of the Electoral College that:

19       It was desirable that the sense of the people should operate in the choice of the person
         *to whom so important a trust was to be confided*. This end will be answered by
20       committing the right of making it, not to any preestablished body, but to men chosen
         by the people for the special purpose, and at the particular conjuncture.

21       It was equally desirable, that the immediate election *should be made by men most*
22       *capable of analyzing the qualities adapted to the station, and acting under*
         *circumstances favorable to deliberation, and to a judicious combination of all the*
23       *reasons and inducements which were proper to govern their choice*. A small number
         of persons, selected by their fellow-citizens from the general mass, will be most likely
24       to    possess    the    information    and    discernment    requisite    to    such    complicated
         investigations.

25   Federalist No. 68 (C. Rossiter ed.) (emphases added). Because the Constitution confers the exclusive

26   power to elect the President to the electors selected in the manner prescribed by the States, Plaintiff's

27

28

DEFENDANTS JOHN McCAIN, REPUBLICAN NATIONAL COMMITTEE, AND CALIFORNIA REPUBLICAN
PARTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  request to enjoin potential electors from voting for a particular candidate violates their constitutional

2  powers to elect the President and therefore is barred as a matter of law.[6]

3                                    **CONCLUSION**

4        For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.[7]

5                              Respectfully submitted,

6  DATED:  August 28, 2008

7

8                              By:_____/s/*Joshua D. Hess*_____
                                         Joshua D. Hess
9
                              Theodore B. Olson, SBN 38137
10                             Matthew D. McGill (*pro hac vice* admission pending)
                              1050 Connecticut Avenue, N.W.
11                             Washington, D.C.  20036
                              (202) 887-3680
12
                              *Attorneys for Defendants*
13                             SENATOR JOHN MCCAIN AND THE
                              REPUBLICAN NATIONAL COMMITTEE
14

15                             BELL, McANDREWS & HILTACHK, LLP

16
                              By:_____/s/*Charles H. Bell, Jr.*_____
17                                       Charles H. Bell, Jr.

18                             *Attorney for Defendant*
                              CALIFORNIA REPUBLICAN PARTY
19

20

21     [6]  If plaintiff's claims for injunctive relief are all dismissed for failure to state a claim or on
22          some other basis, plaintiff's declaratory judgment then would have to be dismissed for lack of
            Article III standing.  *See Societe de Conditionnement en Aluminum v. Hunter Engineering
23          Co., Inc.*, 655 F.2d 938, 942-43 (9th Cir. 1981).  To satisfy the requirements of Article III, a
            claim for declaratory relief must lead to "specific relief through a decree of conclusive
24          character"  *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007) (quoting *Aetna
            Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).  In the absence of a viable claim for
25          injunctive relief, could produce only "an opinion advising what the law would be upon a
            hypothetical state of facts"—a result Article III categorically prohibits.  *Id.*

26     [7]  Defendants are mindful of the Court's August 22, 2008 order requiring the parties to provide
27          the Court with their views on whether Senator McCain is a "citizen by birth in accordance
            with 8 U.S.C. 1401 and its predecessor, Act of May 24, 1934, Pub. L. No. 73-250, sec. 1, 48
28          Stat. 797."  Defendants' position on that question will be presented in its opposition to
            plaintiff's motion for preliminary injunction to be filed September 4, 2008.

DEFENDANTS JOHN McCAIN, REPUBLICAN NATIONAL COMMITTEE, AND CALIFORNIA REPUBLICAN
PARTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**ATTESTATION OF PERMISSION TO ELECTRONICALLY SIGN FOR OTHER PARTIES**

I, Joshua D. Hess, am the ECF User whose identification and password are being used to file this document, Defendants' Motion To Dismiss Plaintiff's Complaint.  I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories, and that each of the signatories has provided me with written permission to sign their names to this document.

_____/s/*Joshua D. Hess*_____
Joshua D. Hess

DEFENDANTS JOHN McCAIN, REPUBLICAN NATIONAL COMMITTEE, AND CALIFORNIA REPUBLICAN PARTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    JOSHUA D. HESS, SBN 244115
JHess@gibsondunn.com
2    One Montgomery Street
Suite 3100
3    San Francisco, California 94104
Telephone: (415) 393-8200
4    Facsimile: (415) 986-5309

5    Attorneys for Defendants
SENATOR JOHN S. McCAIN, III and
6    THE REPUBLICAN NATIONAL COMMITTEE

7

8                     UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12   MARKHAM ROBINSON, | CASE NO. C 3:08-cv-03836 WHA |
| 13            Plaintiff, | **CERTIFICATE OF SERVICE ON** |
| 14      v. | **MOTION TO DISMISS** |
| 15   SECRETARY OF STATE DEBRA BOWEN, | [Honorable William H. Alsup] |
| 16   THE REPUBLICAN NATIONAL COMMITTEE, THE REPUBLICAN PARTY OF CALIFORNIA, SENATOR JOHN S. | |
| 17   McCAIN, III, et al. | |
| 18           Defendants. | |

19

20      I, Diana Reger, declare as follows:

21

22       I am employed in the office of a member of the bar of this Court, at whose direction this service is made; I am over the age of eighteen years and am not a party to this action; my business address is One Montgomery Street, 31st Floor, San Francisco, California 94104, in said County and

23 State.  On August 28, 2008, I served the within:

24      **MOTION TO DISMISS OF DEFENDANTS SENATOR JOHN McCAIN, THE**
**REPUBLICAN NATIONAL COMMITTEE, AND THE CALIFORNIA**
25      **REPUBLICAN PARTY**

26 As indicated below:

27

28    ☑      **BY USDC LIVE SYSTEM-DOCUMENT FILING SYSTEM**: On all interested parties registered for efiling.

1

---

CERTIFICATE OF SERVICE                                         Case No. C 08-cv-03836 WHA

1

2
☐    **BY PERSONAL SERVICE**: I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

3

4

5

6
☐    **BY OVERNIGHT SERVICE**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for delivery by overnight service. Pursuant to that practice, envelopes placed for collection at designated locations during designated hours are delivered to an overnight service carrier with a fully completed airbill, under which all delivery charges are paid by Gibson, Dunn & Crutcher, that same day in the ordinary course of business.

7

8
☐    **BY ELECTRONIC MAIL**: On the above-mentioned date, I served a full and complete copy of the above-referenced document[s] by electronic mail to the person[s] at the address[es] indicated

9

10

11
☑    **BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12
     The following parties were additionally served by mail, as previously indicated:

13
Gregory S. Walston, Esq.

14
Orestes Alexander Cross, Esq.
WALSTON CROSS
222 Columbus Avenue, Suite 420

15
San Francisco, CA 94133

16
CALIFORNIA SECRETARY OF STATE     Nathan R. Barankin

17
Debra Bowen                        Deputy Attorney General
1500 11th Street                  California Department of Justice

18
Sacramento, CA 95814          1300 I Street, Suite 125
Sacramento, CA 94244-2550

19

20
     I certify under penalty of perjury that the foregoing is true and correct, and that this

21
Declaration of Service was executed by me on August 28, 2008, at San Francisco, California.

22

23
By:_____ /s/Diana Reger

24
                           Diana Reger

100503363_1.DOC

25

26

27

28

2

CERTIFICATE OF SERVICE                                        Case No. C 08-cv-03836 WHA