| | |
|---|---|
| 1 | EDMUND G. BROWN JR.<br>Attorney General of the State of California |
| 2 | CHRISTOPHER E. KRUEGER<br>Senior Assistant Attorney General |
| 3 | JONATHAN K. RENNER<br>Supervising Deputy Attorney General |
| 4 | NATHAN R. BARANKIN, State Bar No. 246313<br>Deputy Attorney General |
| 5 | 1300 I Street, Suite 125<br>P.O. Box 944255 |
| 6 | Sacramento, CA 94244-2550<br>Telephone: (916) 323-8050 |
| 7 | Fax: (916) 324-8835<br>E-mail: Nathan.Barankin@doj.ca.gov |
| 8 | Attorneys for Office of Secretary of State |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKHAM ROBINSON, in his capacity as the Presidential Elector and Chairperson-Elect of the American Independent Party<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE DEBRA BOWEN, in her individual and official capacities, THE REPUBLICAN NATIONAL COMMITTEE, and organization, form unknown, THE REPUBLICAN PARTY OF CALIFORNIA, an organization, form unknown, SENATOR JOHN McCAIN, in his inidividual and official capacities, DOES ONE through FIFTY FIVE, inclusive,<br><br>Defendants. | CaseNo.: 3:08-CV-03836 WHA<br><br>**DEFENDANT SECRETARY OF STATE DEBRA BOWEN'S OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DISMISSAL**<br><br>Date:<br>Time:<br>Dept: 9<br>Judge: The Honorable William Alsup<br>Trial Date:<br>Action Filed: |

---

DEFENDANT SECRETARY OF STATE DEBRA BOWEN'S OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DISMISSAL

On September 9, 2008, Plaintiff filed a request seeking entry of default against Secretary of State Debra Bowen ("Secretary") based on the allegation that the Secretary did not timely file a proper responsive pleading to Plaintiff's complaint. Pl.'s Req. For Entry of Default, Doc. No. 35. Plaintiff's request should be denied for two reasons. First, the Secretary did timely file a proper response pursuant to the Court's scheduling order. Scheduling Order, Doc. 21; Bowen Opp'n, Doc. 31. Second, the Secretary's efforts to defend against Plaintiff's action establish that an entry of default is improper.

Pursuant to the Court's scheduling order, the only document the Secretary was authorized to file was an "opposition" to plaintiff's motion for a preliminary injunction by September 4, 2008.[1] Doc. 21. It was entirely within the prerogative of the Court to issue a scheduling order establishing the type and timing of briefs to be filed in this action. Fed. R. Civ. P. 16. By timely filing her opposition, the Secretary filed a proper response to Plaintiff's preliminary injunction motion. Further, though styled as an "opposition," the Secretary specifically requested that, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court dismiss Plaintiff's action for failure to state a claim. Bowen Opp'n, Doc. 31, p. 4:2-7. Thus, even if one chose to ignore the Court's scheduling order, Plaintiff's request for default should be rejected because the Secretary filed a proper motion in response to Plaintiff's motion for a preliminary injunction.

Plaintiff's request also should be rejected because default may only be entered against a party that has failed to plead or otherwise defend in an action. Fed. R. Civ. Proc. 55. Under this standard, the key issue is whether the Secretary has asserted a defense to the action, even if a responsive pleading has not yet been served. 10 *Moore's Federal Practice*, § 55.11[2][b] (Matthew Bender 3d ed.). Here, the Secretary's opposition and request that the Court dismiss

---

1. The Court's scheduling order also authorized the filing of "defendants' motion to dismiss" by August 28, 2008. Order, Doc. 21. This portion of the order applied to the Republican National Committee, Senator John McCain, and the California Republican Party, who, at the August 21, 2008 hearing, urged the Court to forego any briefing on Plaintiff's preliminary injunction motion pending resolution of their anticipated motion to dismiss. The Secretary neither sought nor obtained permission from the Court to file a separate motion to dismiss.

1

DEFENDANT SECRETARY OF STATE DEBRA BOWEN'S OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DISMISSAL

Plaintiff's action constitutes a defense. Accordingly, Plaintiff's request for default should be denied.

Notwithstanding the above, if the Court concludes that Plaintiff's request deserves any credence whatsoever, the Secretary is prepared to re-style its opposition and file a Motion to Dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 [late filed responsive pleadings prevent an entry of default]. A copy of this motion is attached as Exhibit A for the convenience of the Court.

Dated: September 11, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

JONATHAN K. RENNER
Supervising Deputy Attorney General

/s/ Nathan R. Barankin

NATHAN R. BARANKIN
Deputy Attorney General

Attorneys for the Office of the Secretary of State

30545380.wpd
SA2008304514

---

2

DEFENDANT SECRETARY OF STATE DEBRA BOWEN'S OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DISMISSAL